JS 44 (Rev. 10/4/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **PLAINTIFF(s):** | **DEFENDANT(s):** |
|---|---|
| MARYANN ZINDELL | HARLEY-DAVIDSON FINANCIAL SERVICES, INC. and HARLEY DAVIDSON CREDIT CORPORATION |
| (b) County of Residence of First Listed Plaintiff PHILADELPHIA *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Flitter Lorenz, P.C. 450 N. Narberth Avenue, Suite 101 Narberth, PA 19072 (610) 882-0782 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681 (Fair Credit Reporting Act)

Brief description of cause: Fair Credit Reporting Act and state law violations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 8/23/12

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARYANN ZINDELL | : | CIVIL ACTION |
| v. | : | |
| HARLEY-DAVIDSON FINANCIAL | : | NO. |
| and | : | |
| HARLEY DAVIDSON CREDIT CORPORATION | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits                               ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

8/23/12                     /s/ T. Lorenz                     THEODORE E. LORENZ
**Date**                    **Attorney at Law**              **Attorney for Plaintiff**

610-822-0782              610-667-0552                     lorenz@consumerslaw.com
**Telephone**              **Fax Number**                  **E-Mail Address**
(Civ.660) 10/02

UNITED STATES DISTRICT COURT                                                          APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 5345 Eadom Street, Philadelphia, PA 19137

Address of Defendants: 4150 Technology Way, Carson City, NV 89706

Place of Accident, Incident or Transaction: Philadelphia, PA

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: _____   _____   _____
                         Attorney-at-Law         Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/23/12   _____ (signature) Attorney-at-Law   67795   Attorney I.D.

CIV.609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN ZINDELL<br>5345 Eadom Street<br>Philadelphia, PA 19137<br><br>                 Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON FINANCIAL<br>SERVICES, INC.<br>4150 Technology Way<br>Carson City, NV 89706<br><br>And<br><br>HARLEY DAVIDSON CREDIT CORP.<br>4150 Technology Way<br>Carson City, NV 89706<br><br>                 Defendants. | CIVIL ACTION NO. |

**COMPLAINT**

## I.    INTRODUCTION

    1.    On April 4, 2012, Plaintiff's motorcycle was wrongly repossessed by Defendants in front of Plaintiff's home. The Defendants repossession agents and the repo itself caused a scene, with police coming and neighbors watching.

    2.    Defendants told the repo agent that Ms. Zindell had filed bankruptcy. Plaintiff had not. In Plaintiff's telephone calls with Defendants at the time, Plaintiff explained the payments were current, but Harley Davidson gave her a series of inconsistent and false

explanations for why they were repossessing her car. Plaintiff was not in default; this repo by Defendants was unlawful.

3. As a result of Defendants' conduct at the scene and thereafter, Plaintiff lost her motorcycle – her primary mode of transportation, has suffered injury to her credit, humiliation, distress, and embarrassment, and has spent significant time and aggravation to correct Harley Davidson's accounting blunder.

4. Plaintiff sues under the Fair Credit Reporting Act, 15 USC §1681 and state law for the wrongful possession and invasion of privacy.

### III.   PARTIES

5. Plaintiff MaryAnn Zindell is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above (hereinafter referred to as "Plaintiff").

6. Defendant Harley Davidson Financial Services is a foreign corporation with a principal place of business in Carson City, Nevada as captioned (hereinafter referred to as "HDFS").

7. Harley Davidson Credit Corporation is a foreign corporation with a principal place of business in Carson City, Nevada as captioned (hereinafter referred to as "HDCC").

8. HDFS and HDCC are collectively referred to as "Harley Credit" or "HC".

### IV.   FACTUAL ALLEGATIONS

9. On or about March 31, 2007, Plaintiff purchased a 2007 Harley Davidson motorcycle from a Harley Davidson dealership located in Philadelphia, Pennsylvania.

10. Plaintiff financed the purchase of the motorcycle through Harley Credit.

11. Plaintiff made her monthly payments of $217.84 beginning in May 2007.

12. On April 4, 2012, Harley Credit repossessed Plaintiff's motorcycle.

13. Plaintiff paid on the vehicle loan reliably for some 5 years.

14. Harley Credit failed to properly account for two payments made by Plaintiff, and asserted a default.

15. Harley Credit provided a succession of different, inconsistent allegations of default that led to the repo.

**REPOSSESSION**

16. As a result of Harley Credit's chronic accounting errors, Harley Credit wrongfully repossessed Plaintiff's motorcycle on April 4, 2012.

17. The repossession was contested by Ms. Zindell who repeatedly told the repo agent and Harley Credit that she was current in payments.

18. Harley Credit did not inform Plaintiff in advance that it was going to repossess her motorcycle. Plaintiff was not in default at the time of the repo such that a repo would be warranted.

19. Harley Credit knew or should have known that it did not have the right to repossess Plaintiff's motorcycle.

20. Defendants acted willfully and in wanton disregard for Plaintiff's contractual and statutory rights.

21. During and after the repossession, Ms. Zindell repeatedly attempted to get the motorcycle back by demonstrating to Harley Credit its flawed accounting. Harley Credit would not oblige, but repeatedly changed its rationale as to why there was allegedly a default and repo.

22. Harley Credit seized Plaintiff's motorcycle and shipped it to Ohio for auction.

23. Upon information and belief, the motorcycle remains in Harley Credit's possession in Ohio.

24. Plaintiff's motorcycle was her primary mode of transportation.

**CREDIT REPORTING**

25. Harley Credit has and continues to report negative and derogatory information to the credit bureaus about the vehicle loan account, including a large balance due, past due and repossession.

26. Harley Credit is reporting Plaintiff as delinquent on the account, and reporting Ms. Zindell's account as "repossession". Although the motorcycle was technically "repossessed" in the sense that it was seized involuntarily by Harley Credit, there was no actionable default, and no right to repossess under the contract or Pennsylvania law.

27. The reporting of "repossessed" by Defendant to the credit bureaus is inaccurate and misleading.

28. Plaintiff has written to and spoken directly with Harley Credit to dispute its reporting to the credit bureaus, and to request that the false, negative and derogatory reporting be removed.

29. Plaintiff has written to Equifax and Trans Union disputing Harley Davidson's false and inaccurate reporting, requesting a reinvestigation, and requesting that the inaccurate reporting be deleted. The credit bureaus asked Harley Credit to verify.

30. Harley Credit, in response to Plaintiff's disputes to the credit reporting agencies continues to verify its false and inaccurate reporting to the credit bureaus.

31. Pursuant to 15 U.S.C. § 1681s-2(b), a furnisher of information, like Harley Credit, has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency. The investigation must be done reasonably and adequately.

32. Harley Credit failed to conduct a reasonable and adequate investigation or reinvestigation upon Plaintiff's proper dispute to the credit bureaus.

33. Instead of correcting the inaccurate reporting, Harley Credit re-verified it.

34. Harley Credit is still reporting false and inaccurate information about Plaintiff to the credit bureaus.

35. Harley Credit knows from its own records that Ms. Zindell disputes the claim of missed payments, and repo.

36. At all times relevant hereto, Harley Credit knew or should have known that it misapplied or miscounted payments made by Plaintiff, and knew or should have known that it verify false and derogatory information about Plaintiff in connection with the Harley Credit account.

37. Harley Credit willfully and/or negligently failed to properly investigate the credit dispute, Harley Credit refused to remove the inaccurate credit reporting information.

38. As a result of Defendants' willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

39. As a result of the false and derogatory information reported by Harley Credit, Plaintiff has been damaged.

40. Plaintiff has spent a substantial amount of time trying to get Harley Credit to conduct a proper accounting, but to no avail. Plaintiff has suffered injury to her credit, been denied credit, and expended significant time and effort trying to address her credit report.

41. Plaintiff has suffered mental anguish, emotional distress, worry, humiliation, and embarrassment as a result of Defendants' actions.

42. As a result of Defendants' statements and actions, Plaintiff has been portrayed in a false and unfavorable light in her community viz., as one not responsible or credit worthy, who deserved to have her motorcycle repossessed.

43. Plaintiff has, to her detriment, been deprived of the use and enjoyment of her motorcycle as a result of Defendants' actions.

## COUNT I
## (Fair Credit Reporting Act)

44. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

45. Harley Credit has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. § 1681s-2(b), including the failure to fully and properly investigate Plaintiff's dispute and by failing to correctly report results of an accurate investigation to the credit bureaus.

46. Harley Credit has violated the Fair Credit Reporting Act by willfully and/or negligently reporting false credit information about Plaintiff after being put on proper notice of the inaccuracy.

**WHEREFORE**, Plaintiff Maryann Zindell demands judgment against Defendants for:

  (a) Actual and compensatory damages;

  (b) Punitive damages;

(c) Attorney's fees and costs; and

(d) Such other and further relief as the Court shall deem just and proper.

## COUNT II
## (Uniform Commercial Code)

47. Plaintiff incorporates the preceding paragraphs as if fully set forth at length.

48. Under Pennsylvania's Uniform Commercial Code, 13 Pa.C.S. §9609 et seq. and the parties' contract, a secured party can repossess a vehicle only in the event of a default under the parties' agreement.

49. Plaintiff was not in default of her contract with Harley Credit.

50. Defendants had no right to repossess and detain Plaintiff's motorcycle, or order it repossessed.

51. As a result of Defendants above-described wrongful acts in repossessing Plaintiff's motorcycle, Plaintiff has been damaged. The motorcycle has still not been returned.

52. Plaintiff has been deprived of the use, enjoyment and value of her motorcycle, and stands to lose the substantial equity in the bike that has arisen from 5 years of payments.

53. The motorcycle is "consumer goods" and Plaintiff is entitled to remedy under 13 Pa. C.S. §9625.

**WHEREFORE**, Plaintiff, Maryann Zindell respectfully requests that judgment be entered in her favor and against Defendants, jointly and severally, for:

(a) Damages;

(b) Interest; and

(b) Such other relief as the Court may be deem just and proper.

## COUNT III
### (Fair Credit Extension Uniformity Act)

54. Plaintiff incorporates the preceding paragraphs as if fully set forth at length.

55. By repossessing Plaintiff's motorcycle, Defendants engaged in unfair or deceptive debt collection activity in violation of the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, et seq., including:

> (a) taking action it was not legally entitled to take in violation of the FCEUA, 73 P.S. §2207.4(b); and
>
> (b) engaging in conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt claimed due, in violation of the FCEUA, 73 P.S. §2207.4(b);

56. As a result of Defendants' conduct, Plaintiff has been damaged and has suffered ascertainable loss.

57. Plaintiff has been deprived of the use, enjoyment and value of her motorcycle.

**WHEREFORE,** Plaintiff MaryAnn Zindell respectfully requests that judgment be entered in her favor and against Defendants for:

> (a) Damages;
>
> (b) Treble Damages;
>
> (b) Reasonable attorney's fees and costs; and
>
> (c) Such other relief as the Court may deem just and proper.

## COUNT IV
### (Invasion of Privacy)

58. Plaintiff incorporates the preceding paragraphs as if fully set forth at length.

59. Defendants had no right to repossess Plaintiff's motorcycle.

60.   Defendants' wrongful repossession of the vehicle along with the confrontation, the public scene created, the police involvement, the physical seizure of the motorcycle under protest was conducted in full view of Plaintiff's neighbors and friends in the community.

61.   Defendants' wrongful repossession was defamatory as to Plaintiff, and placed Plaintiff in a false light.

62.   The repossession attempt, the very public, unflattering scene created, the involvement of law enforcement, the forced repossession and physical seizure of Plaintiff's motorcycle onto the truck are individually and collectively defamatory, and intrusive upon Plaintiff's solitude and seclusion.

63.   The repossession of a person's vehicle especially in such a disputed and chaotic fashion is highly offensive to a reasonable person.

64.   Harley Credit acted willfully and maliciously, and with reckless indifference to Plaintiff's rights and reputation in repossessing her motorcycle.

65.   As a result of Defendants' conduct, Plaintiff has been damaged and painted in a false light and invaded her privacy.

66.   Plaintiff has suffered humiliation, distress, embarrassment, and loss of reputation and privacy.

**WHEREFORE,** Plaintiff MaryAnn Zindell respectfully requests that judgment be entered in her favor and against Defendants for:

    (a) Actual Damages;

    (b) Punitive Damages; and

    (c) Such other relief as the Court may deem just and proper.

VII. **JURY TRIAL**

A jury trial is demanded as to all issues so triable.

Respectfully submitted:

Date: 8/23/12

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

FLITTER LORENZ, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782